DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LOUIS MILTON WILLIS, )<br>)<br>Defendant. )<br>) | Criminal No. 2014-28 |

ATTORNEYS:

**Jennifer Leigh Blackwell, Esq.**
**Peter Mason, Esq.**
United States Department of Justice, Criminal Division
**Ronald Sharpe, United States Attorney**
**Thomas D. Anderson, AUSA**
United States Attorney's Office
St. Thomas, VI
   *For the United States of America,*

**Omodare Jupiter, Federal Public Defender**
Office of the Federal Public Defender
St. Thomas, VI
   *For defendant Louis Milton Willis.*

## ORDER

**GÓMEZ, J.**

Before the Court are the defendant's motion for an extension of time to file pretrial motions and the defendant's application for waiver of his speedy trial. For the reasons stated herein, the time to try this case is extended up to and including July 31, 2014. Pretrial motions shall be submitted no later than July 3, 2014.

Following the May 8, 2014, filing of the indictment in this matter, the Magistrate Judge entered a trial management order setting a deadline of June 2, 2014, for the filing of motions. Trial was set for June 30, 2014. Defendant Louis Willis ("Willis") attempted to

*United States v. Willis*
Criminal No. 2014-28
Order
Page 2

retain attorney Treston Moore as his counsel. Attorney Moore indicates that he and Willis are unable to come to an agreement regarding a retainer. On June 10, 2014, the Magistrate Judge appointed the Federal Public Defender to act as Willis's counsel.

While the Speedy Trial Act requires that a defendant be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice for several reasons. First, an extension is necessary to allow newly appointed counsel to file what motions, if any, counsel deems necessary to Willis's defense. Second, the defendant made this request with the advice and consent of counsel. Third, without an extension of time, the public defender will have had fewer than 20 days to prepare for trial.

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an ends of justice continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994)(citing *United States v. Dota*, 33 F.3d 1179(9th Cir. 1994)("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial...even though a case is not complex")); *see also United States v. Brooks*, 697 F.2d 517, 522 (3d Cir. 1982), *cert. denied*, 460 U.S. 1071 (1983) (no abuse of discretion where district court found that multiple count, multiple defendant "case was complex and required additional time for adequate preparation."); *United States v. Lattany*, 982 F.2d 866, 883

*United States v. Willis*
Criminal No. 2014-28
Order
Page 3

(3d Cir. 1992) ("district court did not abuse its discretion [by delaying trial] to give counsel ... opportunity to...decid[e] upon and prepar[e] an appropriate defense.")

The premises considered, it is hereby

**ORDERED** that the time beginning from the date of this order granting an extension through July 31, 2014, shall be excluded in computing the time within which a trial must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the defendant shall file any motions in this matter no later than July 14, 2014; it is further

**ORDERED** that the omnibus hearing in this matter shall commence promptly at 9:00 AM on July 28, 2014; and it is further

**ORDERED** that the trial in this matter, previously scheduled for June 30, 2014, is **RESCHEDULED** to commence promptly at 9:00 AM on August 11, 2014.

S\_____
**Curtis V. Gómez**
**District Judge**